IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00641-REB-KLM

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE, subscriber assigned IP address 24.8.98.8,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference** [Docket No. 9; Filed March 20, 2013] (the "Motion"). In this copyright infringement action, Plaintiff alleges in the Complaint [#1] that Defendant John Doe, identified only by his/her Internet Protocol ("IP") address, has infringed on Plaintiff's copyrighted work by utilizing a computer protocol named "BitTorrent." *See generally Compl.* [#1]. In the present Motion, Plaintiff seeks leave to conduct expedited discovery by serving a subpoena on Defendant's Internet Service Provider ("ISP") so Plaintiff may learn Defendant's true identity. [#9-1] at 3.

    While a party ordinarily may not seek discovery prior to conferring with all other parties, Fed. R. Civ. P. 26(d)(1), the Court may allow expedited discovery on a showing of good cause. *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "Courts have found good cause for expedited discovery when physical evidence may be destroyed with the passage of time, in cases involving claims of

infringement and unfair competition, and where the party requesting discovery seeks a preliminary injunction." *Kabyesiza v. Rodriguez*, No. 10-cv-00216-MSK-KLM, 2010 WL 3923093, at *3 (D. Colo. Oct. 1, 2010) (unreported decision) (citations omitted). "In internet infringement cases, courts routinely find good cause exists to [permit issuance of] a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (unreported decision) (citations omitted).

In this case, the Court finds that Plaintiff has demonstrated good cause for allowing expedited discovery for the limited purpose of identifying Defendant. According to Plaintiff's allegations, "Defendant is a persistent online infringer of Plaintiff's copyrights" and Defendant's IP address was used to illegally distribute the nine copyrighted movies identified in Exhibit B to Plaintiff's Complaint. [#1] at 1. Without the issuance of a subpoena at this stage, Plaintiff would have no other means of identifying Defendant. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#9] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff may serve a third party subpoena pursuant to Fed R. Civ. P. 45 on Defendant's ISP. The subpoena may require the production of only the following information: the true names, addresses, telephone numbers, and e-mail addresses associated with the IP address identified on page one of the Complaint [#1].

IT IS FURTHER **ORDERED** that a copy of this Order must be served along with any subpoena issued pursuant to it.

IT IS FURTHER **ORDERED** that the entity served with a subpoena issued pursuant

to this Order shall have fourteen (14) days to file a motion seeking to quash the subpoena. Accordingly, any subpoena served pursuant to this Order must specify that the recipient entity has at least fifteen (15) days to respond with the required information.

IT IS FURTHER **ORDERED** that any information disclosed to Plaintiff in response to a subpoena issued pursuant to this Order may be used by Plaintiff solely for the purpose of protecting his rights under the claims for relief set forth in the Complaint [# 1].

Dated: March 21, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge